IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION,

      Plaintiff,                    Case No. 2:13-cv-00163 KJM DAD PS

      vs.

ROTONDA LLOPIS; GERALD LLOPIS,    FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

      By Notice of Removal filed January 28, 2013, this unlawful detainer action was removed from the Solano County Superior Court by defendant Rotonda Llopis who is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

      At the outset, defendants are advised that one party proceeding pro se may not represent any other party who is proceeding pro se. See Local Rule 183. Thus, each document submitted for filing by defendants must bear the signatures of all defendants. In this regard, the Notice of Removal should have been signed by each defendant, but was only signed by Rotonda Llopis. See United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a state court must join in a petition for removal . . .").

1    Moreover, it is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also Provincial Gov't of Martinduque, 582 F.3d at 1087. Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In removing this action, defendants allege that this matter implicates the denial of due process, that the amount in controversy exceeds $75,000 and that "[t]herefore, this is a civil action over which this court has jurisdiction." (Notice of Removal (Doc. No. 1) at 3.)

However, it is evident from a reading of plaintiff's complaint that this is nothing more than a garden-variety unlawful detainer action filed against the former owners of real property located in California, that it is based wholly on California law and that explicitly does not involve an amount in controversy that exceeds $10,000. (Id. at 10.) Thus, the undersigned finds that the court lacks subject matter jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the Solano County Superior Court and that this case be closed.

/////

1   These findings and recommendations will be submitted to the United States
2   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
3   fourteen days after being served with these findings and recommendations, any party may file
4   written objections with the court and serve a copy on all parties.  A document presenting
5   objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."
6   Any reply to objections shall be filed and served within seven days after service of the objections.
7   The parties are advised that failure to file objections within the specified time may waive the
8   right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9   DATED: February 4, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\BNA-Llopis0163.ud.f&rs